# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| GILBERT W. KING, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 6:06-CV-74 (WLS) |
| | * | 28 U.S.C. § 2254 |
| ALEXIS CHASE, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On February 10, 2004, Petitioner, who is currently serving a sentence in the Mens State Prison, in Hardwick, Georgia, was found guilty in the Decatur County Superior Court of child molestation. Petitioner was sentenced to serve eighteen years in prison. Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. (R-2, p. 3). July 23, 2004, the Court of Appeals affirmed Petitioner's convictions. *See, King v. State*, 268 Ga. App. 707, 603 S.E.2d 54 (2004).

On August 31, 2004, Petitioner filed a state habeas petition in the Decatur County Superior Court which was ultimately denied on November 30, 2005. (R-9, Ex. 2 and 4). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on October 2, 2006. (R-9, Ex. 3). Then, on or about November 30, 2006, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-2). On February 26, 2007, the Respondent filed his Answer-Response. (R-8). On March 12, 2007, Petitioner filed his reply to the response. (R-10).

## **Standard of Review**

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a

writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

**Petitioner's Claims**

Petitioner's application for a federal writ of habeas corpus, currently before this court, cites eleven grounds for relief.

## I. Ineffective Assistance of Trial Counsel

In **Grounds One** through **Nine,** Petitioner alleges that he received ineffective assistance of trial counsel. (R-2). Petitioner claims that his trial counsel: failed to object to several improper comments made by the prosecuting attorney; failed to object to the video-taped interview of the alleged victim; failed to challenge the victim's competency to testify; failed to move for directed verdict based on the state's failure to establish venue; failed to object to the opinion testimony of Darryl Carpenter; failed to request a directed verdict of acquittal when the state failed to prove an essential element of intent; failed to request a jury charge on the lesser included offense of sexual battery; failed to prepare any defense; and failed to properly consult with and prepare Petitioner for sentencing. *Id*.

These claims were raised by Petitioner in his state habeas petition. The state habeas court, in finding that Petitioner's trial counsel was not ineffective, relied on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* held that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. The state habeas court found that Petitioner had not met his burden as to either prong under *Strickland*, given the testimony of trial counsel at the habeas hearing and the strong presumption of

reasonableness, and clearly articulated such evidence. (R-9, Ex. 2).

It is well established that the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984), is the "controlling legal authority" to be utilized in evaluating ineffective assistance of counsel claims. *Williams v. Taylor,* 529 U.S.362, at 406, 120 S.Ct. 1495 (2000). To succeed on a claim of ineffective assistance of counsel, the petitioner must show both that counsel was incompetent and counsel's action, or inaction, prejudiced the petitioner. *Chandler v. United States,* 218 F.3d 1305, 1312 (11th Cir. 2000) (*en banc*), (*cert. denied,* 531 U.S. 1204, 121 S.Ct. 1217 (2001). The Petitioner's burden of demonstrating prejudice is high. Under the prejudice prong, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings." *Strickland,* 466 U.S. at 693, 104 S.Ct. At 2067. Instead, the Petitioner "must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Chandler,* 218 F.3d at 1312-1313 (quoting *Darden v. Wainwright,* 477 U.S. 168, 184, 105 S.Ct. 2464, 2473 (1986). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Additionally, this court is governed by the Congressional mandate of 28 U.S.C. § 2254(e)(1) to presume the state court's determination of factual issues to be correct, unless the Petitioner has rebutted that presumption by clear and convincing evidence. Petitioner has failed to show by clear and convincing evidence that the state court's factual findings should not be given the presumption of correctness under applicable Federal law, specifically

5

*Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000). Furthermore, Petitioner has not met the standard of ineffective assistance of counsel as set out in *Strickland v. Washington*, where he has failed to provide evidence of either deficiency or prejudice. Therefore, it is recommended that Petitioner is not entitled to habeas relief in this court as to Grounds 1 through 9, regarding ineffective assistance of counsel.

II. **Ineffective Assistance of Appellate Counsel**

In **Ground Eleven,** Petitioner alleges deficient performance on the part of appellate counsel "for failing to perfect and raise the issues on appeal, which are set forth herein above under Grounds One through Nine. The issues raised on appeal were weaker than those counsel failed to perfect." (R-2).

In analyzing Petitioner's ineffective assistance of appellate counsel claim as argued in his state habeas petition, the Baldwin County Superior Court again utilized the standard in *Strickland v. Washington,* which held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v.*

6

*Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to

give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel. The record reveals that the Baldwin County Superior Court found that the Petitioner "failed to overcome the presumption of effective performance or to establish a reasonable probability of a different result but for alleged error by counsel on . . . appeal." (R-9, Ex. 2). Thus, the court found that Petitioner's claim failed the standard as set out in *Strickland*. A review of that decision fails to show that it was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Thus, it is recommended that Petitioner is not entitled to relief on Ground Eleven.

### III. Due Process

In **Ground Ten**, Petitioner contends that "at the beginning of the state habeas hearing he made an oral amendment to [his] habeas application. Wherein Petitioner assert[ed] that threats had been made against the alleged victim, by an agent of the state, to induce false allegations against the Petitioner." (R-2). Petitioner contends that said conduct "violates his

8

rights secured by the 5th, 6th, and 14th Amendments to the U.S. Constitution." *Id*.

In the petition now before the court, Petitioner phrases this claim as a violation of his right to due process. Specifically, Petitioner alleges that a state agent, Ortega Ross, a Department of Family and Children Services (DFACS) worker, threatened his daughter before her videotaped interview to induce false allegations against the Petitioner. (R-2). Petitioner alleges that Mr. Ross was a member of the prosecution team and that, as such, a state agent "suborned perjury/false allegations which led to Petitioner's conviction and sentence." *Id*.

However, at the state habeas hearing, when the court asked Petitioner if there was anything he wanted to add to his grounds, there was no mention of a due process violation. Petitioner stated:

> Yes ma'am. I have got some new discovered evidence that has showed up since I filed for *habeas corpus* and on my answer and return it mentioned that I would like to have the victim and her mother subpoenaed but they are here today.
>
> The victim had been threatened on account of the video tape and since then she has wrote a statement of why she said what she said on the video tape under a threat and none of it was true. I've got the letters here if I could – if you'd like to see it.

(R-9, Ex. 4, p.6-7). The rule of sequestration was invoked and the victim and her mother were asked to leave the room. *Id*. at p. 7. The Assistant State Attorney objected on the basis of relevancy, hearsay, and lack of notice of Petitioner's intent to bring said ground before the court. *Id*. at p. 8. The state habeas court postponed ruling on the issue until the end of the

9

proceedings. *Id*.

After the state habeas court entertained testimony as to the issues regarding ineffective assistance of counsel, Petitioner began questioning his wife regarding the letters he presented to the court. (R-9, Ex. 4, p. 23-26). A review of the state habeas corpus transcript reveals that the state attorney objected to Petitioner's line of questioning regarding his guilt or innocence as inapplicable to the state habeas proceedings. *Id*. at p.26-27. The state attorney explained further:

> *Habeas* is about Constitutional claims. He had a jury trial and he had an appeal[1]. The only thing you can do on *habeas* is deal with the Constitutional violations and whether the[re] were violations of Constitutional issues. Not whether he was guilty or innocent. And so if he's going to ask his wife all these questions about whether what she said and what her daughter said was true, we're gonna continue to object to each question cause that's not relevant to a *habeas* and I think it's not obviously gonna be helpful to you or to his petition.

(R-9, Ex. 2, p. 26). The state habeas court sustained the state's objection, but admitted the two letters presented by Petitioner for "whatever relevance" they had. *Id*. at p.26-27.

The United States Supreme Court has addressed the issue of giving notice to the state habeas court of a constitutional claim. In *Duncan v. Henry*, Respondent Henry (hereinafter "Henry") objected at trial "to testimony by the parent of another child who claimed to have been molested 20 years previously." 513 U.S. 364, 115 S.Ct. 887 (1995). Henry's objection

---

[1] Petitioner argued in his direct appeal that because the victim recanted her allegations on the witness stand, that the evidence presented at trial was insufficient to warrant a conviction. (R-9, Ex. 4, p. 71-84).

was based upon Cal.Evid.Code Ann. § 352 (West 1966). *Id*. Henry pursued this issue on direct appeal and the "California Court of Appeal found the error harmless and affirmed respondent's conviction." *Id*. "Respondent then filed a petition for writ of habeas corpus in federal court, alleging that the evidentiary error amounted to a denial of due process under the United States Constitution." *Id*. The District Court granted the petition, holding that respondent had exhausted his state remedies even though he had not claimed a violation of any federal constitutional right in the state proceedings. *See Henry v. Estelle*, 33 F.3d 1037 (1994). Specifically, the District Court held:

> In his direct appeal in state court, Henry did not label his claim a federal due process violation; he argued rather that Hackett's testimony was erroneously admitted because [it was] irrelevant and inflammatory, and that it's admission resulted in a "miscarriage of justice" under the California Constitution. However, to state a federal due process claim it is not necessary to invoke "the talismanic phrase 'due process of law'" or cite "book and verse on the federal constitution . . . ."

*Duncan*, 513 U.S. 364, *citing Henry v. Estelle*, 33 F.3d at 1040. The Court of Appeals for the Ninth Circuit affirmed. *Duncan*, 513 U.S. 364. The Supreme Court of the United States reversed the Ninth Circuit, holding:

> In *Picard v. Conner*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), we said that **exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights"** (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of its prisoners' federal rights, they must surely be

> alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Accord, *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).
>
> *Picard* and *Harless* control the outcome in this case. Respondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment. . . . **Both *Picard* and *Harless* emphasized that mere similarity of claims is insufficient to exhaust.** *Picard, supra*, 404 U.S., at 276, 92 S.Ct., at 512-513; *Harless, supra*, 459 U.S., at 6, 103 S.Ct., at 277. The state court, when presented with respondent's claim of error under the California Evidentiary Code, understandably confined its analysis to the application of state law.

*Id*. at 365-366. (Emphasis added).

At his state habeas hearing, Petitioner stated that he had "new[ly] discovered evidence that ha[d] show[n] up since [he] filed for habeas corpus. . ." that someone had threatened the victim before her videotaped statement, causing her to make false allegations against Petitioner. (R-9, Ex. 4, p. 7). The state habeas court sustained the state attorney's objection as to relevance and lack of notice, but allowed Petitioner to enter the letters into evidence. The state habeas court determined that this oral amendment to the petition of "newly discovered evidence" was simply Petitioner's attempt to reargue his innocence,

which is not appropriate in a state habeas hearing[2]. When the state habeas court entered the order denying Petitioner's claims, there was no mention of Petitioner's allegations of subornation of perjury or due process, as alleged in his present habeas petition. However, as previously stated, Petitioner presented this claim to the state habeas court as an issue of "newly discovered evidence" regarding his innocence. Moreover, in his "Traverse to Respondent's Return-Answer," Petitioner admits that it is conceivable that "the state habeas court did not fully understand the claim due to Petitioner's somewhat muddled oral presentation of the claim." (R-10). As shown from the state habeas transcript, the court was unaware that Petitioner was pursuing this claim as a violation of his right to due process under the Fourteenth Amendment of the United States Constitution. Thus, in sustaining the state attorney's objection as to relevancy, the state habeas court understandably confined its analysis to the issue argued by Petitioner, newly discovered evidence as to his innocence. Thus, Petitioner failed to exhaust his state remedies as to this claim and said claim is not properly before the court.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S.

---

[2] In *Perdue v. Smith*, the Supreme Court of Georgia held that a petitioner's contention in a habeas corpus proceeding that he was not guilty of the offense was without merit, because [t]he function of the writ of habeas corpus is not to determine the guilt or innocence of a person accused of [a] crime and is not a substitute for a review to correct errors of law." 228 Ga. 770, 771, 187 S.E.2d 862 (1972); *see Bush v. Chappell*, 225 Ga. 659, 660, 171 S.E.2d 128 (1969) and *Bonner v. Smith*, 226 Ga. 250, 174 S.E.2d 438 (1970).

838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> 
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   
>   (B) (I) there is an absence of available State corrective process; or
>   
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> 
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> 
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

This court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. This Ground, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies as to this claim.

WHEREFORE, IT IS **RECOMMENDED** that **Grounds One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Eleven** of Petitioner's Application for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Additionally, it is hereby **RECOMMENDED Ground Ten** of Petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies as to this ground only. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 8th day of June, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc