IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GILBERT W. KING,

    Petitioner,

vs.

ALEXIS CHASE,

    Respondent.

CASE NO.: 1:07-CV-144  (WLS)

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth (Doc. #11), filed June 8, 2007.[1] Petitioner seeks Federal habeas relief from his State conviction of child molestation.

Petitioner raised as grounds in support of his petition: ineffective assistance of trial counsel, ineffective assistance of appellate counsel and violation of due process. Upon review, the Court finds that the Magistrate Judge has thoroughly reviewed the record, findings and holdings of the State habeas court and the briefs of the parties and the relevant law and standards.  Denial of the petition is recommended.  Petitioner has filed his written objection (Doc. #12).

Petitioner asserts the following objections: (1) the Magistrate Judge did not make an independent evaluation of the claims and record, but based his findings and conclusion solely on the findings of the State habeas court; (2) that the State habeas

---

[1] The pending Report and Recommendation was brought to the Court's attention having been inadvertently overlooked.

-1-

court's final order denying State habeas relief is unreliable because it was procedurally flawed and fundamentally unfair in that the order was prepared by opposing counsel giving effect to said counsel's strategy of omissions and self-serving habeas testimony and ignoring the support for Petitioner's petition; (3) that Petitioner had properly raised the due process violations during the State habeas proceeding, thereby making it error for that court to fail to address the issue and for the Magistrate Judge to deny the ground without prejudice.

Petitioner's attack on the reliability of the State habeas court's order is based on Petitioner's disagreement with the findings and because the order was prepared by opposing counsel. Petitioner's mere disagreement with the State habeas court's findings in its order is insufficient to cause the court to conclude that it is unreliable. Likewise, simply because the order was drafted by opposing counsel does not make it unreliable. Courts are not prevented from allowing a counsel for a party to draft a proposed order. This Court knows that such a procedure is neither unheard of nor particularly rare in Georgia court proceedings. In fact, another common practice calls for both sides to prepare and submit proposed findings and orders. However, proposed findings and orders are just that, proposals, unless and until the court accepts and adopts them as its orders and findings. Thus, the order of the State habeas court was its order and is to be reviewed as such. The order is viewed against the record. The record speaks for itself and is not dependent on the views or opinions of either party. Accordingly, Petitioner's objections on these grounds are **OVERRULED**. Likewise, there is no basis to find that the Magistrate Judge failed to make his findings and conclusions upon an independent review of the record.[2] The Magistrate Judge clearly

---

[2] However, as stated by the Magistrate Judge, a federal habeas court cannot simply make an independent review of the record and reach its own independent conclusion without regard to the findings of the State habeas court.

reviewed each claim upon the record giving due deference to the State habeas court's findings and conclusions (Doc. #11) as required by U.S. Supreme Court holdings.  *See* Bell v. Cone, 535 U.S. 685, 698-99 (2002); Williams v. Taylor, 529 U.S. 362, 409 (2000). In this regard, Petitioner's objection is also **OVERRULED**.

Lastly, the Magistrate Judge clearly articulated that Petitioner had not fairly raised and noticed the State with respect to his due process claim.  Petitioner's *pro se* status does not relieve him of that responsibility.  *See* Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  The State objected at the State habeas hearing and that objection was sustained.  The mere inclusion of Petitioner's documentary "new evidence" did not relieve Petitioner of the requirement of prior notice and sufficient articulation of this additional claim.   In that the due process claim had not been properly noticed and articulated the Magistrate Judge correctly found that it should be dismissed without prejudice.  Hughes v. Stafford, 780 F.2d 1580, 1582 (1986).  Accordingly, Petitioner's objection to the same is **OVERRULED**.

Upon full review and consideration upon the record, the Court finds that the Report and Recommendation should be, and hereby is, **ACCEPTED AND ADOPTED**, and made the order of this Court for reason of the findings made and conclusions reached therein, together with the findings made and conclusions reached herein. Accordingly, Petitioner's petition for federal habeas relief is **DENIED**.

**SO ORDERED**, this   29th   day of **July, 2009.**

            /s/W. Louis Sands
     **W. LOUIS SANDS, JUDGE**
     **UNITED STATES DISTRICT COURT**