**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

GILBERT W. KING,                                          :
       Petitioner,                                      :
                                                          :
VS.                                                       :     1 : 07-CV-144 (WLS)
                                                          :
ALEXIS CHASE, Warden,                                     :
                                                          :
       Respondent.                                      :

**RECOMMENDATION**

This federal habeas petition was filed by the Petitioner in December 2006. (Doc. 2). On June 8, 2007, the Magistrate Judge to whom this matter was referred issued a Recommendation that this Petition be denied, finding that grounds 1-9 and 11 were without substantive merit and that ground 10 was unexhausted and should be dismissed without prejudice. (Doc. 11). This Recommendation was adopted by the Honorable W. Louis Sands, U.S. District Judge, on July 29, 2009. (Doc. 15). On July 30, 2010, the Eleventh Circuit Court of Appeals vacated and remanded the Petition for further consideration, with instructions to make specific findings regarding exhaustion of ground 10. (Doc. 38).

Specifically, the Eleventh Circuit found that the district court erred in failing to make threshold findings as to whether exhaustion of ground 10 remained an issue, and erred in dismissing the petition in part based on a lack of exhaustion of ground 10. The Eleventh Circuit directed that the Court make the following findings on remand:

    (1)    whether it is necessary to <u>sua sponte</u> dismiss ground 10 as unexhausted
            notwithstanding the government's waiver; and

(2)    if dismissal is necessary, whether it should hold King's petition in abeyance pending exhaustion of ground 10, or dismiss his entire § 2254 petition without prejudice and allow him to proceed on only his exhausted claims. The court should also consider whether a procedural default exists that would render exhaustion futile, and if so, whether the court should address ground 10 on its merits.

(Doc. 38, pp. 7-8).

After consideration of the Eleventh Circuit's mandate and the Petitioner's claims, this supplemental Recommendation is issued. This supplemental Recommendation replaces that portion of the original Recommendation filed on June 8, 2007 (Doc. 11) dealing with ground 10 of the Petition, and incorporates the remainder of the original Recommendation.

Petitioner was convicted in the Superior Court of Decatur County in February 2004 on charges of child molestation. He was sentenced to eighteen (18) years in prison. Petitioner's convictions and sentences were upheld on direct appeal on July 23, 2004. *King v. State*, 268 Ga.App. 707, 603 S.E.2d 54 (2004).

Petitioner filed a state habeas petition in Decatur County Superior Court on August 31, 2004. Relief was denied in a final order dated November 30, 2005, and the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial on October 2, 2006. Petitioner filed this federal Petition for habeas relief on November 30, 2006, challenging his Decatur County convictions.

### *Factual Background*

This Court is "bound under 28 U.S.C. § 2254(d) to afford factual findings of state [appellate]

courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The AEDPA thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* Inasmuch as the Petitioner has not rebutted the state courts' factual findings by clear and convincing evidence, the findings of fact issued by the Georgia Court of Appeals are hereby adopted. *See King*, 268 S.E.2d at 54.

*Ground 10*

In ground 10 of the Petition, Petitioner alleges that "threats had been made against the victim" to cause her to make "false allegations" against Petitioner and that a "state agent has suborned perjury/false allegation which led to Petitioner's conviction and sentence. Petitioner asserts this conduct violates his rights secured by the 5th, 6th and 14th amendments to U.S. Constitution [sic]." (Doc. 2, pp. 6-D, 6-E).

The Respondent maintains that Petitioner's claim in Ground 10, that the victim had been threatened by agents of the State to induce false allegations against Petitioner and thereby denied Petitioner due process, is new, as Petitioner did not raise this claim in the state courts. The Respondent further contends that the Petitioner could have raised this claim below and that this ground is therefore procedurally defaulted, and thereby exhausted, herein.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138

(11th Cir. 2001).  A procedural default occurs when "the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile." *Zeigler v.* Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003).

Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.
>
> O.C.G.A. § 9-14-51.

In *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998), the Eleventh Circuit made it clear that "[t]he Georgia statute [O.C.G.A. § 9-14-51] restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find that the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'"  Herein, no such indication exists, as the Respondent points out that the Petitioner raised the factual basis of his claim at the state habeas level, but failed to raise the due process claim now raised in this federal Petition.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims.  *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).    Both cause and

prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986). Under the miscarriage of justice exception to the procedural default doctrine, "a movant's procedural default is excused if he can show that he is actually innocent [] of the crime of conviction." *McKay v. U.S.*, 657 F.3d 1190, 1196 (11th Cir. 2011).

Herein, the Petitioner concedes that he did not raise ground 10 in the state proceedings below, rendering the claim procedurally defaulted. Petitioner does not attempt to establish cause for his failure to raise ground 10 below, asking for "mercy" based on his status as a non-lawyer. (Doc. 51, p. 10). Petitioner asserts that the error raised in Ground 10 resulted in prejudice to his case, although this assertion does not rise above the level of mere speculation. As no cause has been shown, "we need not determine whether [the Petitioner] was actually prejudiced by the default." *Coughlin v. Sec'y., Dept. of Corrections*, 2012 WL 89919 (11th Cir. Jan. 11, 2012) (citing *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990)).

The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard. In order to establish a miscarriage of justice, a petitioner must put forth a claim of actual innocence. A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that

the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991). The Petitioner "'must demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,' and 'must raise sufficient doubt about his guilt to undermine confidence in the result of the trial.'" *Scarlett v. Sec'y., Dep't. of Corrections*, 404 Fed.Appx. 394, 401 (11th Cir. 2010) (quoting *Johnson v. Fla. Dept. of Corr.,* 513 F.3d 1328, 1334 (11th Cir. 2008)). The actual innocence exception is thus "exceedingly narrow in scope". *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

Although Petitioner maintains that the "new evidence" underlying ground 10, that State officials allegedly threatened the victim and thereby caused her to make allegations of molestation against the Petitioner, establishes his actual innocence of the charges on which he stands convicted, the victim had already recanted her allegations of molestation on the stand during Petitioner's trial. With the victim testifying at Petitioner's trial that Petitioner did not molest her, the allegation that State officials threatened the victim into making her original charges of molestation against the Petitioner does not present significant additional evidence tending to show Petitioner's factual innocence of the charges. Such evidence does not meet the high burden of demonstrating that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt". *Scarlett*, 404 Fed.Appx. at 401.

*Conclusion*

In sum, and in response to the Eleventh Circuit's specific questions, it is not necessary to dismiss ground 10 as unexhausted, as ground 10 is procedurally defaulted under Georgia's successive petition rule, and therefore, the Court need not consider whether the petition should be held in abeyance. Inasmuch as the Petitioner has failed to establish cause and prejudice or a

miscarriage of justice in regard to the procedural default of ground 10, the Court need not address ground 10 on its merits.

Inasmuch as the grounds for relief raised in this federal habeas Petition will not support the granting of habeas relief, it is the recommendation of the undersigned that this Petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 29th day of February, 2012.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**