# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| GILBERT W. KING, | : |
| Petitioner, | : |
| v. | :    Case No.: 1:07-CV-144 (WLS) |
| ALEXIS CHASE, Warden, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is a pleading filed by Petitioner styled as Letter of Recognition (Doc. 58). Although the relief Petitioner now seeks is not clear, Petitioner states "I am in recent study of filing motion for relief from judgement [sic] under Rule 60(b)." (*Id.* at 1.) His position that he is entitled to relief under Federal Rule of Civil Procedure 60(b) seems to be based on what he claims to be newly discovered evidence. (*See id.*) The most recent order issued by the Court in the above-captioned case related to Petitioner's actual innocence claim that was based on what he alleged to be newly discovered evidence. (*See* Docs. 53 & 56.) It is unclear whether Petitioner is referring to the same newly discovered evidence claim addressed in the Court's previous order, or to additional newly discovered evidence.

Although "[a] prisoner whose petition for writ of habeas corpus has been denied may file a motion, under Rule 60(b), to challenge 'some defect in the federal habeas proceedings,' … the prisoner 'must prove extraordinary circumstances justifying the reopening of a final judgment.' " *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioner has not alleged extraordinary circumstances.  Accordingly, to the extent Petitioner seeks relief under Rule 60(b), Petitioner's Letter of Recognition (Doc. 58) is **DENIED.**  Also, to the extent Petitioner intended his Letter of Recognition (Doc. 58) as a Motion for Reconsideration, that motion is **DENIED.**

    **SO ORDERED**, this  26th   day of November, 2013.

                              /s/ W. Louis Sands
                              **W. LOUIS SANDS, JUDGE**
                              **UNITED STATES DISTRICT COURT**